IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:26-cv-01720

**CHRISTOPHER DRIESBACH,**

     Plaintiffs,

v.

**PROGRESSIVE DIRECT INSURANCE COMPANY,**

     Defendant.

---

**NOTICE OF REMOVAL**

---

COMES NOW Defendant, Progressive Direct Insurance Company ("Progressive"), by and through its attorney of record, Justin C. Mankin and Taylor G. Ostrowski of Montgomery | Amatuzio, and respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As grounds, Progressive, states as follows:

1. On March 17, 2026, Plaintiff filed a Complaint against Progressive in the District Court for Arapahoe County, State of Colorado. *See* **Exhibit A**, Complaint. Plaintiff asserts, *inter alia*, that Progressive owes Plaintiff underinsured motorist ("UIM") payments, Progressive acted unreasonably, refused to promptly pay Plaintiffs' monies owed, and therefore has breached the insurance contract. *Id.* at ¶¶ 19 - 34. As a basis for his claim for UIM coverage, Plaintiff Christopher Driesbach asserted he was injured on October 1, 2025, in a motor vehicle accident as a result of a third-party's ("Tortfeasor") negligence. *Id.* at ¶¶ 5-9. As a result of the Tortfeasor's negligence, Plaintiff avers that he suffered injuries, including a cervical disc replacement *Id.* at ¶

1

9, . Plaintiff has also generally alleged Progressive breached its duty of good faith and faith dealing of the insurance contract ("common law bad faith") and violated C.R.S. §§ 10-3-1115 & 10-3-1116 ("statutory bad faith"). *Id.* at ¶¶ 43-53.

2.      Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. "A defendant seeking to remove a case from state to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 549 (2014) ("*Dart*") (*quoting* 28 U.S.C. § 1446(a)).

3.      At all times pertinent to this case, Plaintiff was, and continues to be, a resident and citizen of Colorado. Plaintiff certified he is a resident of the State of Colorado. **Ex. A** at ¶ 1.

4.      Plaintiff is also registered to vote in Colorado and has been since at least 2024. **Exhibit B,** Voter Registration Information. Plaintiff has listed 1436 S Buchanah Cir. Aurora, CO, 80018, a Colorado address, as his residence on the voter registration forms, which indicates that information was current through at least October, 06, 2024. *Id.*

5.      Plaintiff has been residing in Colorado since at least 2018, and he has a listed residential address of 1436 S Buchanan Cir, Aurora, CO 80018 as recently as March 9, 2026 as his current residence and domicile. **Exhibit C,** Westlaw People Map Property Records for Christopher Driesbach. Without evidence to dispute Plaintiff's citizenship, Progressive has met its burden that Plaintiff is a citizen of Colorado, has been for many years, and has maintained a residence and voting registration, evidencing their intent to remain in the State of Colorado indefinitely.

6.      Progressive Direct Insurance Company is an Ohio corporation with its principal place of business in the State of Ohio. *See* **Exhibit D**, Colorado Secretary of State Corporate Summaries.

7.      For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile. *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir. 1983). A person acquires domicile in a state when the person resides there and intends to remain there indefinitely. *Id.; see also Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). *Citing Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014). Moreover, voter registration and voting practices are strong evidence of citizenship. *Searle v. CryoHeart Lab'ys, Inc.*, 2021 WL 1589268 at *2-3 (D. Colo. Apr. 22, 2021). The diversity requirement of § 1332(a) is satisfied here as the parties are completely diverse. Plaintiff's residence and domicile is Colorado and Progressive's principal place of business and state of incorporation is Ohio.

8.      This matter arises out of a motor vehicle accident that Plaintiff was allegedly involved in on October 1, 2025. **Ex. A,** at ¶ 5. Plaintiff claims that the allegedly at-fault driver's liability coverage was not sufficient to resolve his claims. *Id.* at ¶ 15. Plaintiff further alleges that he was the beneficiary of a complying auto policy with Progressive that provides UIM coverage with a limit of $25,000.00. *Id.* at ¶ 31. Plaintiff claims that Progressive unreasonably delaying and denying payments to Plaintiff and therefore, Progressive has breached the insurance contract. *Id.* at ¶¶ 41 - 42. These assertions are sufficient to show that the amount in controversy exceeds $75,000.

9.      Aside from the allegations contained in the Complaint, the Tenth Circuit Court of Appeals ruled that the Civil Cover Sheet filed in Colorado state court satisfies the jurisdictional amount in controversy as "other paper." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).") (citing *Henderson v. Target Stores, Inc.,* 431 F.Supp.2d 1143, 1144 (D. Colo. 2006)).  Here, the Civil Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000 is sought by Plaintiff against Progressive, exclusive of interest and costs. *See* **Exhibit E**, p. 1, Civil Cover Sheet. Therefore, the jurisdictional amount in controversy has been met.

10.      The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The *Vargas* court held that the removal period begins when a "defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Vargas*, 2010 WL 582135 at *1 (*quoting Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999)). Progressive received notice of the Complaint on March 23, 2026. *See* **Exhibit F and G**, Service of Process Notification and Summons. The thirty-day deadline from March 23, 2026, under 28 U.S.C. § 1446(b) falls on April 22, 2026. As such, this Notice of Removal is timely.

11.     Pursuant to 28 U.S.C. § 1446(d), Progressive will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

12.     The documents required by D.C.Colo.LCivR 81.1 and § 1446(a) and which have been filed in this matter in the District Court for Arapahoe County, State of Colorado, are attached to this Notice of Removal as specifically-referenced exhibits or are otherwise labeled as **Exhibit H and I**. The current docket sheet is being filed simultaneously under separate cover.

13.     Pursuant to D.C.Colo.LCivR 81.1, Progressive represents that no motion hearings are currently set in the state court action and no trial date has been set.

14.     By filing this Notice of Removal, Progressive does not waive any defenses that may be available to it.

Filed on April 22, 2026.

MONTGOMERY | AMATUZIO

By:     *s/ Taylor G. Ostrowski*
          Justin C. Mankin
          Taylor G. Ostrowski

720 S. Colorado Boulevard, Suite 1200 – N
Denver, CO  80246
Phone: 303-592-6600
Fax: 303-592-6666
jmankin@mac-legal.com
tostrowski@mac-legal.com

*Attorneys for Progressive Direct Insurance Company*

## CERTIFICATE OF MAILING

I hereby certify that on April 22, 2026, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed in the manner indicated below and addressed as follows:

*Counsel for Plaintiffs:*
Sean O. McCray
The McCrary Law Firm, LLC
501 S. Cherry Street, Ste. 1100
Denver, CO 80246
seanm@themccararylawfirm.com

☐ U.S. Mail    ☐ E-mail    ☒ ECF


*s/ Samantha Trujillo*
Samantha Trujillo, Legal Assistant

6